# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI, ABERDEEN DIVISION

**FILED**

IN RE:

Jerry Dewayne Polk and Ginger Leigh Polk

DEBTOR(S)

CASE NO. 05-10043

MAR 21 AM 9: 37

CLERK
NORTHERN DIST OF MISS

### RELINQUISHMENT OF SECURITY AND RIGHT TO REDEEM, MOTION TO LIFT AUTOMATIC STAY AND APPLICATION FOR ABANDONMENT

The undersigned debtor(s) hereby relinquishes the property hereinafter set out to the creditor hereinafter set out to the reason that the debtor does not wish to retain the secured property and does, by this instrument, release and relinquish the same to the said creditor and does further relinquish the debtor's right to redemption of said property under Section 722 of the Bankruptcy Reform Act of 1978, fully understanding that the debtor(s) have the right to redeem said property by paying to the holder of the lien the amount of the allowed secured claim, but by the signing of this instrument does hereby give and waive this right.

The undersigned creditor hereby makes application for abandonment of the property hereinafter set out for the grounds set out below.

### Description of Collateral

2000 Pontiac Montana
1GMDX03E7YD159179

### GROUNDS FOR ABANDONMENT
### No non-exempt equity for the benefit of the estate

The debtor(s) and creditor herein move the court to lift the automatic stay as to the said property.

_____
Leigh Ann Darby
Attorney for Debtor
216 S. Ward Street
Senatobia, MS 38668
(662) 562-0013

_____
Eric V. Helmers,
Representative for AmSouth Bank
722 AmSouth Center
Nashville, TN 37237-0722
(615) 748-2199

_____
Debtor

_____
Debtor

### TRUSTEE'S ABANDONMENT

I, the duly appointed Trustee in the above-styled case hereby certify that there is no equity in the below described property for the benefit of the estate and I hereby abandon said property.

Date _____

_____
Alex B. Gates, Trustee
PO Box 216
Sumner, MS 38957

### ORDER LIFTING AUTOMATIC STAY

After considering the written motion of the debtor and creditor to lift the automatic stay, the court hereby lifts the automatic stay as to the above property and the named creditor.

Dated this the 21st day of March, 2005.

_____
UNITED STATES BANKRUPTCY JUDGE

Account Number: # 001-716-9001324181
MOC Date:    February 7, 2005

113080.doc/20-031548

1324/81   05-05

# CERTIFICATE OF TITLE

## STATE OF MISSISSIPPI

| VEHICLE IDENTIFICATION NUMBER | MAKE | YEAR | MODEL | BODY | TITLE NUMBER |
|---|---|---|---|---|---|
| 1GNDX03E7Y0159179 | PONT | 2000 | MON | MP | 8736981-01 ORIGINAL |

| TITLE DATE | DATE OF FIRST SALE FOR USE NEW ONLY | NO CYL | NEW/USED | TYPE OF VEHICLE | PASS OR GVW |
|---|---|---|---|---|---|
| 05222000 | | 06 | X | PASS | 000 |

OWNER

POLK GINGER OR JERRY
1079 WAKEFIELD RD
COLDWATER     MS 38618

ODOMETER - TENTHS NOT INCLUDED

009816
ACTUAL MILEAGE

1ST LIENHOLDER (OR OWNER IF NO LIEN)

AMSOUTH BANK
P O BOX 1984
BIRMINGHAM     AL 35201

MO | DATE DAY | YR
04/29/2000

2nd LIENHOLDER

LIEN SATISFACTION —
THE UNDERSIGNED HOLDER OF ABOVE DESCRIBED LIEN(S) ON THE MOTOR VEHICLE DESCRIBED HEREON HEREBY ACKNOWLEDGES SATISFACTION THEREOF.

1ST LIEN _____ (LIENHOLDER) _____ BY _____ (SIGNATURE AND TITLE)

THIS _____ DAY OF _____

2ND LIEN _____ (LIENHOLDER) _____ BY _____ (SIGNATURE AND TITLE)

THIS _____ DAY OF _____

IN WITNESS WHEREOF I HAVE HEREUNTO SET MY HAND THIS
THE 23 DAY OF MAY 2000

00139910013     00358
STATE TAX COMMISSION

The Mississippi State Tax Commission hereby certifies that on application duly made, the person named herein is registered by this office as the lawful owner of the vehicle described subject to the liens or security interests herein set forth and such liens or security interests as may subsequently be filed with the State Tax Commission. This certificate of title is issued pursuant to the Mississippi Motor Vehicle Title Law Section 63-21-1, Mississippi Code of 1972, and subject to the provisions thereof.

CONTROL NUMBER
11082118

VOID IF ALTERED

Form No. FD178MS Rev. 4/99

**DEPOSIT GUARANTY**
Deposit Guaranty National Bank, a division of First American National Bank, Nashville, Tennessee.

**RETAIL INSTALLMENT SALES CONTRACT AND SECURITY AGREEMENT**
MS (Vehicle Simple Interest) Non-Commercial Motor Vehicle

| Dealer Number | Contract Number |
|---|---|

**Buyer (and Co-Buyer) Name and Address (Include County and Zip Code)**
GINGER POLK
JERRY POLK
1079 WAKEFIELD RD
COLDWATER, MS 38618 TATE

**Creditor (Seller) Name and Address**
TOMMY HEAFNER MOTORS INC.
502 NORFLEET DRIVE
SENATOBIA, MS 38668

You, (which refers either to the Buyer or to the Co-Buyer or both), may buy the vehicle described below for cash or on credit. The cash price is shown below as "Cash Price." The credit price is shown below as "Total Sale Price." By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract.

**Description of Vehicle.** You agree to buy and the Creditor agrees to sell the following vehicle:

| New or Used | Year | Make and Model | Body Type (If Truck give GVW) | Vehicle Identification No. | Use for Which Purchased |
|---|---|---|---|---|---|
| USED | 2000 | PONTIAC MONTANA | MPV | 1GMDX03E7YD159179 | X personal / business ☐ agricultural |

The finance charge on this contract is (1) a sum computed on the outstanding principal balance at an annual percentage rate derived by deducting the Bank Processing fee from the finance charge disclosed below plus (2) the Bank Processing fee.

**FEDERAL TRUTH-IN-LENDING DISCLOSURES**

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down-payment of $ 1300.00 |
|---|---|---|---|---|
| 8.20 % | $ 5399.40 | $ 24285.00 | $ 29684.40 | $ 30984.40 |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due | Or as Follows: |
|---|---|---|---|
| 60 | $494.74 | Monthly beginning: 05/29/2000 | |

☐ Variable rate. The annual percentage rate may increase during the term of this Contract if the Consumer Variable Base Rate of __N/A__ (the Bank) increases. Any increase will take effect on the 1st day of each month and will result in more payments of the same amount. For example: If your Contract were for $10,000 at 15% for 3 years, payable in 36 $346.65 payments, and the rate increased to 16% in one (1) year, you would have to make one (1) additional payment of $57.03.

**Late Charge.** If a payment is not paid in full within 10 days after it is due, you will pay a late charge payment of 5% of the late payment or $5.00, whichever is less.
**Prepayment.** If you pay off early, you will not have to pay a penalty.
**Security Interest.** You are giving a security interest in the vehicle being purchased. Collateral securing other debts you owe the Creditor may also secure this debt.
**Additional Information.** See the other side of this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, prepayment refunds and security interests.

**ITEMIZATION OF AMOUNT FINANCED**

1. Cash Price (including any accessories, services and taxes)
   Sales Tax $ 575.00 State paid to: MS ................................ $ 25575.00 (1)
2. Total Downpayment:
   Cash or Equivalent:
   Cash $ N/A Plus Rebate $ N/A = $ N/A (a) Total Cash or Equivalent
   Vehicle $ 13500.00 minus $ 12200.00 = $ 1300.00 (b) Net Trade in Allowance
      Gross Trade in Allowance    Payoff made by Seller
   Trade in: Year 1999 Make PONTIAC Model GRAND AM
   Lien Holder: N/A
   Cash or Equivalent Downpayment (a) plus Net Trade in Allowance (b) = $ 1300.00
   Down Payment (If 2(c) is negative disclose as zero; If 2(c) is positive, disclose as positive amount) .... $ 1300.00 (2)
3. Trade in Vehicle amount to Finance (If 2(c) is negative) .................................. $ _____ (3)
4. Unpaid Balance of Cash Price (1 minus 2 plus 3) ........................................... $ 24275.00 (4)
5. Other charges including amounts paid to others on your behalf:
   A) Cost of Optional Mechanical repair or Warranty contract paid to: Service .... $ N/A (A)
   B) Cost of optional Credit Insurance Premium Paid to: N/A
      Life $ N/A Disability, Accident and Health $ N/A .... $ N/A (B)
   C) Cost of Debt Cancellation (GAP) Coverage Paid to: .... $ N/A (C)
   D) Fees Paid to Public Official or Government Agencies (Excluding amount in Line (1))
      (i) For license, title & registration $ 5.00
      (ii) For filing fees $ N/A
      (iii) Taxes (Not in Cash Price) $ N/A .... $ 5.00 (D)
   E) Other Charges (Seller must identify who will receive payment and describe purpose):
      To: N/C For: NA $ N/C
      To: N/C For: NA $ N/C
      To: N/C For: NA $ N/C
      To: STATE OF MI For: STATE INSP $ 5.00 .... $ 5.00 (E)
   Total of other Charges and amounts paid to others on your behalf (Creditor may be retaining a portion of these amounts) $ 10.00 (5)
6. Amount Financed – Unpaid Balance (4 + 5) ................................................ $ 24285.00

**Optional Credit Life/Disability Insurance.** Credit life insurance and credit disability insurance are not required to obtain credit and will not be provided unless you sign for them and agree to pay the additional cost. If you want this insurance, check the insurance desired and sign below. If you have chosen this insurance, the cost is shown in 5B of the itemization above.

Check the insurance desired:
Credit Life: ☐ Buyer ☐ Co-Buyer
Disability, Accident and Health: ☐ Buyer ☐ Co-Buyer

Insurance Company _____
Term of Coverage: _____ Months
This Policy will pay your debt on this contract up to: $ _____

Buyer Signature _____ Date of Birth _____ Date _____

Co-Buyer Signature _____ Date of Birth _____ Date _____

**No Liability Insurance Included.**

**Optional Mechanical Repair or Warranty Contract.** This is an option, which cost the amount indicated above. The Mechanical Repair or Warranty Contract is more fully described in the contract or certificate. Please read those documents before signing this contract. If you have chosen this option, the cost is shown in 5A on the itemization above.

Company or Provider: Service Co
Mechanical Repair or Warranty Contract: $ _____
Deductible Amount: $ _____
Term Months: _____

**Optional Debt Cancellation (GAP) Coverage.** This is an option, which cost the amount indicated above. The Debt Cancellation (GAP) Coverage is a more fully described in the contract or certificate. Please read those documents before signing this contract. If you have chosen this option, the cost is shown in 5C of the itemization above.

Company or Provider: _____
Debt Cancellation (GAP) Coverage: N/A
Term Months: _____

THE INSURANCE, IF ANY, REFERRED TO IN THIS CONTRACT DOES NOT INCLUDE COVERAGE FOR PERSONAL LIABILITY AND PROPERTY DAMAGE CAUSED TO OTHERS.

**Notice to Buyer:** 1) Do not sign this contract before you read it or if it contains any blank spaces;
2) You are entitled to an exact copy of the contract you sign.

BANK PROCESSING FEE OF $ NA (INCLUDED IN FINANCE CHARGE)
You signed this contract and received a copy on 29TH APR Year 2000
Buyer Signature: _Ginger Polk_ Co-Buyer Signature: _Jerry D. Polk_
Co-Buyers - A "Co-buyer" is a person who is responsible for paying the entire debt. The Co-buyer knows that the Creditor has a security interest in the vehicle and consents to the security interest.
Creditor/Seller/Dealer Signature: TOMMY HEAFNER MOTORS INC. By: _____ Title: Gen Mgr

**Assigned subject to terms on reverse side:**
☒ With recourse
☐ Without recourse
☐ With full repurchase
☐ With partial repurchase, for the lesser of (i) the unpaid balance or (ii) $ _____

SELLER: Tommy Heafner Motors, Inc. BY: _____ TITLE: _____

Notice: See Other Side
ORIGINAL COPY

Form No. FD178MS Rev. 4/99

## OTHER IMPORTANT AGREEMENTS

**Creditor.** The term "Creditor," as used in this contract, includes both the Creditor/Seller identified on the front and any subsequent holder or assignee of this contract.

**Ownership and Risk of Loss.** You agree to pay the Creditor all you owe under this contract even if the vehicle is damaged, destroyed or missing. You agree not to change the permanent location of the vehicle or to sell, rent, lease or otherwise transfer any interest in the vehicle or this contract without the Creditor's written permission. You agree not to expose the vehicle to misuse or confiscation. You will make sure the Creditor's security interest (lien) on the vehicle is shown on the title. If the Creditor pays any repair bills, storage bills, taxes, fines, or other charges on the vehicle, you agree to repay the amount when the Creditor asks for it.

**Security Interest.** You are giving the Creditor a security interest in the vehicle being purchased and any accessories, equipment and replacement parts installed in the vehicle. The security interest also covers (1) insurance premiums and charges for service contracts returned to the Creditor (2) proceeds of any insurance policies or service contract on the Vehicle and (3) proceeds of any insurance policies on your life or health which are financed in this contract. This secures payment of all amounts you owe under this contract and any transfer, renewal, extension, or assignment of this contract, and all other debts you now or later owe the Creditor. It also secures your other agreements in this contract.

**Prepayment.** You may prepay this contract at any time prior to the maturity of the final installment hereunder.

**REQUIRED PHYSICAL DAMAGE INSURANCE.** YOU HAVE AGREED TO PURCHASE AT YOUR EXPENSE PHYSICAL DAMAGE INSURANCE COVERING LOSS, DAMAGE, THEFT AND OTHER HAZARDS TO THE VEHICLE DURING THE ENTIRE TERM OF THIS CONTRACT. SPECIFICALLY, THE INSURANCE MUST CONTAIN COMPREHENSIVE AND COLLISION COVERAGE FOR AT LEAST THE NADA BOOK VALUE OF THE VEHICLE. IT MUST ALSO NAME CREDITOR AS THE LOSS PAYEE OR THE EQUIVALENT THEREOF. YOU ARE REQUIRED TO OBTAIN THIS INSURANCE PRIOR TO OR AT THE TIME THIS CONTRACT IS ENTERED INTO, AND TO PROVIDE CREDITOR WITH PROOF OF COVERAGE AT CLOSING (OR IF ALLOWED BY CREDITOR, NO LATER THAN 30 CALENDAR DAYS AFTER THE DATE OF THIS CONTRACT). IF AT ANY TIME DURING THE TERM OF THE CONTRACT YOU FAIL TO MAINTAIN SUCH INSURANCE, OR ALLOW IT TO EXPIRE, THIS SHALL CONSTITUTE A MATERIAL DEFAULT. CREDITOR SHALL THEN HAVE THE RIGHT, IN ITS SOLE DISCRETION, TO EXERCISE ITS REMEDIES UNDER THE CONTRACT. THESE REMEDIES MAY INCLUDE, AMONG OTHER THINGS, ACCELERATING THE CONTRACT AND DEMANDING FULL PAYMENT OF THE BALANCE OWING; REPOSSESSING THE VEHICLE; PURCHASING INSURANCE COVERAGE FOR CREDITOR'S BENEFIT, WITH NO COVERAGE FOR YOU PERSONALLY; OR LEAVING THE AUTOMOBILE UNINSURED, WITH YOU BEARING THE RISK OF LOSS IN THE EVENT OF AN ACCIDENT, THEFT, ETC. CREDITOR HAS NO DUTY TO PURCHASE INSURANCE ON THE VEHICLE. IF CREDITOR EXERCISES ITS RIGHT TO PURCHASE INSURANCE, YOU WILL BE RESPONSIBLE FOR REIMBURSING CREDITOR FOR THE FULL COST OF THE INSURANCE, PLUS INTEREST ACCRUING THEREON AT THE RATE SET FORTH IN THIS CONTRACT. CREDITOR MAY EITHER SEEK FULL REIMBURSEMENT AT THE TIME IT PURCHASES THE INSURANCE; AMORTIZE THE PREMIUM AND INTEREST OVER THE REMAINING TERM OF THE CONTRACT, INCREASING YOUR MONTHLY PAYMENTS ACCORDINGLY; OR ADD THE AMOUNT OF PREMIUM AND INTEREST TO THE END OF THE CONTRACT, TO BE DUE AT MATURITY. THE COST OF THE INSURANCE AND ANY INTEREST SHALL BECOME PART OF THE SECURED INDEBTEDNESS COVERED BY THIS CONTRACT. IT WILL BE SECURED BY THE VEHICLE. FURTHERMORE, IF CREDITOR IS FORCED TO INCUR EXPENSES (INCLUDING REASONABLE ATTORNEYS FEES) TO COLLECT THE INSURANCE PREMIUM AND INTEREST, YOU WILL BE RESPONSIBLE FOR THESE EXPENSES AS WELL.

IT IS UNDERSTOOD THAT IF CREDITOR EXERCISES ITS RIGHT TO PURCHASE INSURANCE, THE PREMIUM MAY BE HIGHER THAN THE PRICE AT WHICH YOU COULD OBTAIN SUCH COVERAGE AT THE PRESENT TIME.

IF THE VEHICLE IS LOST OR DAMAGED, YOU AGREE THAT CREDITOR CAN USE ANY INSURANCE SETTLEMENT EITHER TO REPAIR THE VEHICLE OR TO REPAY YOUR DEBT, AS DETERMINED IN ITS DISCRETION. FURTHERMORE, IT IS UNDERSTOOD THAT CREDITOR MAY EXERCISE ITS OWN DISCRETION TO REACH A NEGOTIATED SETTLEMENT WITH ANY INSURANCE COMPANY, AND THAT YOUR DISAGREEMENT AS TO THE SETTLEMENT AMOUNT WILL NOT CONSTITUTE A DEFENSE TO THE DEFICIENCY BALANCE OWING OR OTHERWISE.

**Late Charge.** You will have to pay a late charge on each payment received by the Creditor more than ten days late. The charge is shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you can keep making payments after they are due. The Creditor may also take the steps set forth below if there is any late payment.

**Optional Insurance or Service Contracts.** This contract provides for optional charges in connection with optional insurance or service contracts. If the vehicle is repossessed, you agree that the Creditor may claim benefits under these contracts and terminate them to obtain refunds for unearned charges.

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

The preceding NOTICE applies only to goods or services obtained primarily for personal, family or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (Debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

This contract is governed by the laws of the State in which the vehicle was purchased by Buyer from Seller, without regard to such state's conflicts of laws rules.

## REPRESENTATIONS, ASSIGNMENTS, AND ENDORSEMENT

For Value Received, the Creditor/Seller by execution of one of the alternatives on the reverse side, does hereby sell, assign and transfer to Federal Guaranty Mortgage Company, division of First American National Bank, Nashville, Tennessee, _____ ("Assignee") all right, title and interest in the property designated herein. Seller represents, warrants and agrees with Assignee that: (1) the Contract is the genuine and valid obligation of the persons in whose it purports to be an obligation, and all signers of the Contract have full legal capacity to contract and have signed the Contract in their presence; (2) every statement of fact in the Contract is true; (3) no part of the down payment was made with the Contract was filled out and signed by the party or parties by whom it purports to be signed; (4) the Creditor is the true lawful owner of the property described in the Contract, or any part of it is a motor vehicle, it was not designed or sold for use on a public highway primarily for the transportation of ten or more passengers, and is not used under rental agreement, and none have been offered or sold since their last delivery to or acquisition by the Creditor; (5) there is no known defect or default on any of the terms of the Contract by the Creditor, or any facts which would impair the validity or value of the Contract; (6) the Seller hereby warrants to the Creditor any and all claims and defenses asserted by the Buyer/Debtor, and if the Contract shall be subject to the terms of such defense made at any time thereafter by Assignee, repurchase the Contract for the amount then unpaid thereon plus any interest in the Buyer/Debtor any part of all monies Assignee may on account or any such claims or defenses against the Seller, in addition the Seller will reimburse Assignee for all expenses including reasonable attorneys' fees incurred in contesting any such claims and defenses. Assignee is not obligated to defend any such claims but may do so before. The Seller shall be conclusively presumed to have such claim or defense in the event any court of competent jurisdiction so adjudges, and failing that is not adjudged, so any compromise or repurchase being obtained the repurchase is effected herein. The Seller shall have the right of acceptance of the guarantee and assignment herein made by Assignee.

Seller's obligations to Assignee, as indicated herein, and on the reverse side, are absolute and unconditional except as otherwise herein specified. Assignee may recover from Seller all costs and expenses, including reasonable attorneys' fees, incurred by Assignee as a result of Seller's breach of any of these obligations. Assignee may extend or renew the Contract any one or more times without any, any Seller's obligations. Seller's endorsement on the reverse side has the following meaning:

"**With Recourse**" means that Seller absolutely and unconditionally agrees to pay Assignee the unpaid balance plus unearned finance charges (the "Adjusted Unpaid Balance") of the Contract in the event it is not paid when due, by acceleration or otherwise.

"**Without Recourse**" means that Seller's obligations to Assignee respecting the Contract are limited to those set forth above and in any related agreement between Seller and Assignee.

"**With Full Repurchase**" means that, if the Contract is not paid when due, by acceleration or otherwise, and if the Contract is referred to Seller, Seller agrees to repurchase the Contract from Assignee without recourse for the Adjusted Unpaid Balance.

"**With Partial Repurchase**" means the same as "with full repurchase," except that Seller's repurchase obligation is limited to the lesser of (i) the Adjusted Unpaid Balance or (ii) the amount set forth in Seller's endorsement on the front of this Contract.